Parker, J.
The plaintiffs are creditors at large of O. W. Brodhead <fc Co.; and they have filed this complaint for the purpose of controlling the disposition of property alledged to belong to such firm, and of compelling the application of its proceeds in payment of the creditors of the firm. No step has been taken to obtain a judgment on the plaintiffs’ demand, nor do they pray, in the complaint, for such ajudgment.
I suppose it is well settled that creditors at large are entitled to no such interposition of the powers of this court. In Wiggins v. Armstrong, (2 John. Ch. Rep. 144,) it was held that the creditor must have completed his title at law, by judgment and execution, before he can question the disposition of the debtor’s property. This decision rested upon approved English authorities, and it has been repeatedly recognized as law, and followed in this state. (Hendricks v. Robinson, 2 John. Ch. Rep. 283. Brinckerhoof v. Brown, 4 Id. 671.) In Kirby v. Shoemaker, (3 Barb. Ch. Rep. 46,) the chancellor said, “ It is only where neither the joint nor the separate creditors can reach the property of their debtors, so as to obtain satisfaction by exeecution at law, that the equitable principle is applied, of paying joint creditors out of the partnership property, and individual creditors out of the separate property of their debtors, when there is not enough to pay both.” This question was fully ex *596 amined in Robb v. Stevens, (1 Clarke's Ch. Rep. 191,) where it was held that a creditor of a partnership firm, who had obtained a judgment against such firm, could not, before execution issued, sustain a bill for the partnership property and have it applied to the payment of the partnership debts. But that he must issue an execution upon his judgment, and file the ordinary creditor’s bill. There is no doubt that joint creditors, under certain circumstances, have a right to priority of payment out of partnership property, in preference to the private creditors of any separate partner. (Wilder v. Keeler, 3 Paige, 167. Hale v. Hale, 2 McCord's Ch. Rep. 302. Story's Eq. Juris. § 1253. 1 Sand. Ch. Rep. 348, and cases there cited.) This equity is generally to be worked out through the medium of the partners. • (2 Swanst. Rep. 575. 1 Ves. 237,455. 6 Id. 126. 3 Mason, 312. 5 John. Ch. Rep. 60. 4 Ves. 396. 15 Id. 557. 6 Id. 119 11 Id. 4. 2 Ves. & B. 173.) Vice Chancellor Whittlesey says, “ The rule seems to me to be, generally at least, for the benefit of the partner, who might be otherwise injured, and only incidentally for the benefit of creditors and others, as they can reach the partnership property through such partner.” The partners have a right, as between themselves, to have the partnership property first applied to the discharge of the partnership debts. Story says, (Eq. Juris. § 1253,) “ The creditors indeed have no lien—but they have something approaching to a lien; that is, they have a right to sue at law, and by judgment and execution to obtain possession of the property, and in equity to follow it as a trust.” In Ex parte Ruffin, (6 Ves. 119,) Lord Eldon held that joint creditors have no lien upon partnership effects, until such effects are taken into the custody of the law by due process. (See also Ex parte Williams, 11 Ves. 4; Ex parte Rowlandson, 2 Ves. & B. 173.)
I think the true rule is this. To authorize any person to demand the aid of this court in directing the application of partnership property, he must have a lien, either legal or equitable upon it, or must be in a situation to assert such a lien. One of the partners may file a bill in the first instance, against his co-partners to compel an account and the marshalling of assets. *597 He does so by virtue of his lien upon the whole funds of the partnership, for the balance finally due him, after payment of the partnership debts. (Story’s Eq. Jur. § 675.) So the creditor must proceed to obtain a lien on the property before he can interfere to control it. If it be real estate, he obtains the lien by judgment; if personal property liable to execution, by levy under such process; and if ckoses in action, by the return of an execution unsatisfied and filing a complaint. (Corning v. White, 2 Paige, 567. Edmeston v. Lyde, 1 Id. 637. Wakeman v. Grover, 4 Id. 23.) Until such lien is obtained the partners have full power to make any bona fide sale of the property they think proper. But when such lien exists the creditor may claim the aid of this court, to restrain the disposition of the property, by injunction, to have it placed in charge of a receiver, and to compel its equitable application. This law has not been changed by the code.
There is no necessity for examining the other grounds of demurrer. There must be judgment for the defendant, on the demurrer, with leave to the plaintiffs to amend on payment of costs.